IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN E. LAMB, JR.,
No. C82943,

        Petitioner,

vs.                                 CIVIL NO. 15-CV-01312-DRH

DONALD ENLOE, and
ILLINOIS ATTORNEY GENERAL,

        Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Herman E. Lamb, Jr., is an inmate in the custody of the Illinois Department of Corrections, serving an indeterminate (100-300 year) sentence for murder. He is currently housed at Dixon Correctional Center, which is located in the federal judicial district for northern Illinois. Lamb is before the Court pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in *People v. Lamb*, 1999-CF-2205 (Cir. Ct., Madison County, Ill.).

    This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Despite being 330 pages long, the petition provides virtually no information about the procedural history of Lamb's criminal case, appeals and collateral challenges. The petition indicates that Lamb was convicted of murder in 2003; the conviction was affirmed on direct appeal in 2004; and the Supreme Court of Illinois denied further review in 2004. Lamb also broadly asserts that all errors of constitutional magnitude were presented in collateral proceedings commencing in 2005, but his petition, appeal and petition to the state Supreme Court all failed. The Court has been unable to obtain any procedural records through electronic research, except to confirm that on November 26, 2014, the Supreme Court of Illinois denied Lamb's request for review (presumably of his collateral petition). *See People v. Lamb*, 21 N.E.3d 716 (Table) (Ill. 2014).

*Grounds for Relief*

The Court construes the Section 2254 petition (Doc. 1) as presenting ten grounds for relief, summarized as follows:

> 1. 38 ILCS 1008-2-4(b) changed the possible sentence for Lamb's offense and amounted to an *ex post facto* law in violation of U.S. Const. art. I, sec. 9;
>
> 2. Application of 38 ILCS 1008-2-4(b) created two classes of defendants subject to different penalties for the same crime, in violation of the Equal Protection Clause of the Fourteenth Amendment;
>
> 3. Lamb's Sixth Amendment right to a speedy trial was violated;
>
> 4. Lamb's 100-300 year sentence was excessive and amounted to cruel and unusual punishment in violation of the Eighth Amendment;

5. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was forced to wear a stun belt during trial (in view of the jury);

6. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was not permitted to participate in a sidebar conference at a crucial point in the trial;

7. Lamb's hearing impairment was not sufficiently accommodated, thereby depriving him of a fair trial and due process under the Fourteenth Amendment;

8. Lamb was denied effective assistance of trial counsel in relation to the trial errors raised;

9. Erroneous reports prepared in connection with sentencing proceedings remain in the record and impact decisions by the Parole Board and Illinois Department of Corrections, although the mittimus is admittedly correct; and

10. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was denied a "special public defender" because his defense counsel was ineffective and had misrepresented his trial experience to the court.

### *The Proper Respondent*

As a preliminary matter, the Attorney General of Illinois must be dismissed as a respondent. Petitioner Lamb's current custodian, Warden Donald Enloe, is the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

### *Ground 9*

Although it is difficult to properly assess the viability of Lamb's ten grounds for relief without the record or any information about the details of the direct

appeal and collateral proceedings, it is clear that Ground 9 fails to state a basis for relief in this action.

Lamb baldly asserts that erroneous reports prepared in connection with sentencing proceedings remain in the record and impact decisions by the Parole Board and Illinois Department of Corrections, although the mittimus is admittedly correct. He does not contend those documents caused the trial court to erroneously sentence him, nor does he suggest how any parole decision has been impacted. Rather, he appears to just want to tidy the record. Therefore, as pleaded, Ground 9 would not entitle Lamb to relief and will be dismissed. Grounds 1-8 and 10 shall proceed.

## Disposition

**IT IS HEREBY ORDERED** that **Respondent ATTORNEY GENERAL OF THE STATE OF ILLINOIS** is **DISMISSED**; this action shall proceed with **WARDEN DONALD ENLOE** as the sole respondent.

**IT IS FURTHER ORDERED** that **GROUND 9** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **GROUNDS 1-8 and 10** of the petition shall **PROCEED**.

**IT IS FURTHER ORDERED** that Respondent **WARDEN DONALD ENLOE** shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before February 19, 2016). This preliminary order to respond does not, of course, preclude the State from making whatever waiver,

exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

The Court notes, as should Petitioner and Respondent, that Petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee. Failure to pay will likely result in the dismissal of the petition.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.20 10:02:24 -06'00'

**District Judge**
**United States District Court**