IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN E. LAMB, JR.,

Petitioner,

vs.                                                    Civil No.  15-cv-1312-DRH-CJP

DONALD ENLOE, Acting Warden,

Respondent.

MEMORANDUM and ORDER

HERNDON, District Judge:

Petitioner Herman E. Lamb, Jr., was convicted of first degree murder by a
jury in the Circuit Court of Madison County, Illinois, in 2003.  He was sentenced
to an indeterminate term of 100 to 300 years imprisonment.  After exhausting
state court remedies, he filed a petition for writ of habeas corpus pursuant to 28
U.S.C. §2254. (Doc. 1).  He raises a number of grounds for habeas relief, none of
which put forth a claim that he is actually innocent of the crime of which he was
convicted.

This matter is now before the Court on respondent's Motion to Dismiss
Habeas Petition as Time-Barred.  (Doc. 12).  Petitioner responded to the motion at
Docs. 15 & 17.

1.    Grounds Asserted for Habeas Relief

As construed on preliminary review, the petition states the following
grounds:

1. 38 ILCS 1008-2-4(b) changed the possible sentence for Lamb's offense

and amounted to an ex post facto law in violation of U.S. Const. art. I, sec. 9;[1]

2. Application of 38 ILCS 1008-2-4(b) created two classes of defendants subject to different penalties for the same crime, in violation of the Equal Protection Clause of the Fourteenth Amendment;

3. Lamb's Sixth Amendment right to a speedy trial was violated;

4. Lamb's 100-300 year sentence was excessive and amounted to cruel and unusual punishment in violation of the Eighth Amendment;

5. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was forced to wear a stun belt during trial (in view of the jury);

6. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was not permitted to participate in a sidebar conference at a crucial point in the trial;

7. Lamb's hearing impairment was not sufficiently accommodated, thereby depriving him of a fair trial and due process under the Fourteenth Amendment;

8. Lamb was denied effective assistance of trial counsel in relation to the trial errors raised; and

9. Lamb was denied a fair trial and due process under the Fourteenth Amendment when he was denied a "special public defender" because his defense counsel was ineffective and had misrepresented his trial experience to the court.

See, Doc. 8.

## 2.    Relevant Facts

In view of the issue raised in respondent's motion, it is not necessary to

delve too deeply into the facts underlying Lamb's conviction.

---

[1] Petitioner later clarified that his first ground is not that 38 ILCS 1008-2-4(b) is itself an ex post facto law, but that way the state court applied it in his case constituted an ex post facto application. See, Doc. 16.

According to the Appellate Court's Rule 23 Order affirming the denial of Lamb's postconviction petition, the body of the victim, Denise Stahlhut, was found in the trunk of her car in December 1977.  The car was at a truck stop.  She had been sexually assaulted and strangled.  She had last been seen a week earlier leaving a tavern where she worked.  In 1999, DNA evidence linked Lamb to the crime.  He was ultimately indicted on one count each of rape, deviate sexual assault, intentional murder, knowing murder, felony murder predicated on rape, and felony murder predicated on deviate sexual assault.  Doc. 12, Ex. 4, pp. 2-3.[2]  Lamb testified at trial that he had consensual sex with the victim in her car on the parking lot of the bar.  Then, someone pulled the car door open and ordered Lamb to get out.  Two men struck Lamb, and one of them told him to "get the hell out of here."  Lamb left.  Ex. 4, pp. 4-5.

In its Rule 23 Order on Lamb's direct appeal, the Appellate Court noted that, in closing argument, the state had pointed out that Lamb and the victim were strangers to each other, Lamb had spent the day drinking in the bar, and the victim's husband of only one week was waiting at home for her to bring dinner.  Ex. 2, p. 43.

The rape and deviate sexual assault counts were dismissed at the close of the evidence because they had not been brought within the three year statute of limitations.  The jury returned a general verdict of guilty of murder.  Ex. 4, p. 5.

The Appellate Court denied petitioner's direct appeal on September 23,

---

[2] For ease of reference, the Court uses the document, exhibit and page numbers assigned by the CM/ECF electronic filing system.  Unless otherwise indicated, all exhibits referred to are attached to Doc. 12.

2004.  Ex. 2, p. 34.  The Illinois Supreme Court denied his petition for leave to appeal on November 24, 2004.  Ex. 3, p. 1.

Lamb filed a state postconviction petition on May 13, 2005.  Ex. 3, p. 2.  The Appellate Court affirmed the denial of the petition on July 18, 2014.  Ex. 4, pp. 1-28.  The Illinois Supreme Court denied leave to appeal on November 26, 2014.  Ex. 4, p. 29.

Petitioner mailed his habeas petition via the prison mail system on November 21, 2015.[3]  Doc. 1, Ex. 6. P. 24.

## 2.    <u>Applicable Legal Standards</u>

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus.  Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a

---

[3] The "mailbox rule" applies to a petition under §2254.  *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999); Rule 3(d) of the Rules Governing Section 2254 Cases.

"properly-filed" state postconviction petition.  28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v, DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).  The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing.  Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the judgment became final.   In a criminal case, the judgment is the sentence; the judgment is final and the one-year period begins to run when both the conviction and sentence have become final upon the conclusion of direct review or the expiration of time for seeking direct review. *Burton v. Stewart*, 127 S. Ct. 793, 799 (2007).

Lamb's direct appeal PLA was denied on November 24, 2004. He did not file a petition for a writ of certiorari in the United States Supreme Court.  His conviction and sentence became final upon the expiration of the ninety-day period in which he could have filed such a petition. *Morales v. Boatwright*, 580 F.3d

653, 657 (7th Cir. 2009).  Therefore, the one-year period started running on February 22, 2005.

Under 28 U.S.C. §2244(d)(2), the one-year limitations period is tolled during the pendency of a "properly filed" application for postconviction relief. Respondent concedes that the state postconviction petition filed on May 13, 2005, was properly filed, and therefore served to toll the one-year period during the time it was pending.  Doc. 12, p. 3.

Lamb's postconviction PLA was denied on November 26, 2014.  The limitations period is not tolled during the subsequent ninety days during which petitioner could have filed, but did not file, a petition for a writ of certiorari in the United States Supreme Court.  *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006).  This is because "the statute of limitations is tolled only while state courts review the application." *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

The one-year period began to run again on November 27, 2014.  Crucially, 79 days of the one-year period had elapsed between the day on which the judgment became final and the day on which the state postconviction petition was filed.  When the one-year period starting running again, there were only 286 days left.  In order to be timely, the habeas petition had to have been filed by September 8, 2015.  Lamb's petition states that it was placed in the prison mail system on November 21, 2015, more than two months late.  Doc. 1, Ex. 6, p. 24.

In his petition, Lamb cites the date on which the Supreme Court of Illinois issued the mandate on his postconviction PLA as the date on which state court

proceedings ended.  Doc. 1, p. 4.  However, it is the date on which leave to appeal was denied, and not the date on which the mandate was issued, that is relevant here.  While Lamb could have filed a petition for reconsideration within twenty-one days after the PLA was denied, he did not do so.  Even if he had, the time during which the petition for reconsideration was pending would not have been tolled unless reconsideration had been granted.  *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006).  Further, even if the time were tolled until the date of the mandate, that period was only 35 days.  As Lamb's habeas petition was more than two months late, 35 days makes no difference to the outcome.

Petitioner takes a different tack in his response to the motion to dismiss.  There, he argues that he had a full year from the denial of his postconviction PLA in which to file his habeas petition.  Docs. 15 & 17.  This argument ignores the fact that the one-year period began to run when the judgment became final, ninety days after the denial of his direct appeal PLA, February 22, 2005.   28 U.S.C. §2244(d)(1)(A).  A properly-filed postconviction petition stops the clock from running, but does not start a whole new one-year period.  *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).  Put simply, the time between the denial of the direct appeal PLA and the filing of the postconviction petition counts towards the one-year period.

Petitioner has not argued that equitable tolling applies here.  He bears the burden of showing that he is entitled to equitable tolling.  *Taylor v. Michael*, 724

F.3d 806, 810 (7th Cir. 2013).  He has not made any attempt to make such a showing.  Further, he has not advanced a colorable claim of actual innocence so as to come within the rule of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).   Both components must be established for a COA to issue.

Here, it is clear that Lamb's petition is time-barred.  No reasonable jurist would find the issue debatable.  Accordingly, the Court denies a certificate of appealability.

### Conclusion

Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 12) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.    The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 28th day of March, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.03.28
20:54:04 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.   See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition.  Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability.   Here, the Court has denied a certificate.  In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability.  Further, a motion to reconsider the denial does not extend the time for appeal.  See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.